IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STEPHEN MACLIN; RUBEN TOBIN;
DUSTIN ROBINSON; and GERARD
JOHNSON, all individually and on
behalf of others similarly situated                                      PLAINTIFFS

v.                                        No. 4:12-cv-5-DPM

MONTGOMERY AND SONS
CONSTRUCTION, INC. and JOHN
MONTGOMERY, individually and
as owner/manager of Montgomery
and Sons Construction, Inc.                                              DEFENDANTS

ORDER

Stephen Maclin is a former employee of Montgomery and Sons Construction, who he says failed to pay him overtime rates, violating the Fair Labor Standards Act. Maclin wants the Court to certify conditionally a class of other hourly, non-Labor Act-exempt employees that worked at Montgomery in Arkansas. *Document No. 36.*

The Court handles motions to certify using a two-step process: first, the Court considers conditionally certifying a collective action at the notice stage; and second, if there is certification, the Court permits motions to decertify at the conclusion of discovery. *In re Pilgrim's Pride Fair Labor Standards Act*

*Litigation*, MDL Docket No. 1:07-cv-1832, 2008 WL 4877239, at *2 (W.D. Ark. 13 Mar. 2008) (collecting cases); *McQuay v. American Int'l Group, Inc.*, No. 4:01-cv-661-WRW, 2002 WL 31475212, at *2 (E.D. Ark. 25 Oct. 2002).

At the notice stage, the Court examines the pleadings and affidavits and uses a fairly lenient standard to determine whether the proposed class members are similarly situated. If so, disclosure of the contact information of potential opt-in plaintiffs, and court-approved notice follows. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 944 (W.D. Ark. 2003).

Maclin must make a modest factual showing that "[he] and potential class members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion." *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 941 (W.D. Ark. 2007); *see also Freeman*, 256 F. Supp. 2d at 944–45. Various factors are important in answering whether the other construction workers' situations are similar to Maclin's: (1) whether everyone worked in the same location; (2) whether they held the same job title; (3) whether the alleged violations occurred during the

same time period; and (4) whether all the workers were subjected to the same policies and practices. *Smith v. Frac Tech Servs., Ltd.*, No. 4:09-cv-679-JLH, 2009 WL 4251017, at *4 (E.D. Ark. 24 Nov. 2009); *see also Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1217–19 (11th Cir. 2001).

Are the proposed class members similarly situated? Yes. Montgomery acknowledges that hourly employees were affected by receiving straight-line wages for hours worked beyond forty. *Document No. 18, at 3*. Montgomery also agrees that the time and place of the pay practice were the same, at least with respect to a Cabot, Arkansas construction site. *Document No. 44, at 5*. The type of work each class member did is less relevant here, where the error was clerical, as Montgomery suggests. The computer underpaid electrician and plumber alike. Eligibility thus turns on whether a worker was hourly and FLSA eligible. The class exists.

The harder question is the class's breadth, and things here are a bit murky. Montgomery says that it employs only a small number of workers at the Cabot site. *Document No. 41-4*. Maclin says there are more sites, and employees at all of these sites, even if not paid by Montgomery — for instance, where a Montgomery-controlled company paid the workers — should

populate the class. Maclin has provided documents supporting his allegation that other work sites exist, contrary to what Montgomery says. *Compare Document Nos.44 at 5 and 45-2 at 2.* Maclin has also filed affidavits showing that employees who worked at these different Montgomery projects around the state were clocked, paid, and managed in the same way as at the Cabot site. *E.g., Document No. 37-4.* Montgomery responds that those employees weren't directly paid by it, but by the site owner. This may be true, but it doesn't absolve Montgomery of its potential liability as an employer under the Labor Act. 29 U.S.C. § 203(d). Maclin has made a sufficient preliminary showing that Montgomery controlled the work at all sites. And it appears that Montgomery's officers may be the owners or operators of the other sites in any event. *Document No. 41, at 3-4.* Discovery will shine more light here.

* * *

Maclin's motion, *Document No. 36*, is granted. The Court certifies conditionally the class of Montgomery employees, paid by Montgomery or any other entity, who worked in Arkansas and were paid straight line wages for hours worked in excess of forty per week. The proposed notice should be updated to reflect the current parties and to adjust the proposed deadline for

filing the consent form. All counsel should confer, attempt to agree on a final draft proposed notice, and file it by 3 December 2012. If agreement cannot be reached, Plaintiffs should file their proposed amended notice by that date. The Defendants will have until 17 December 2012 to object.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

15 November 2012