IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STEPHEN MACLIN; RUBEN TOBIN;
DUSTIN ROBINSON; and GERARD
JOHNSON, Individually and on behalf
of others similarly situated                           PLAINTIFFS

v.                              No.: 4:12-cv-5-DPM

MONTGOMERY AND SONS
CONSTRUCTION, INC., and JOHN
MONTGOMERY, Individually, and as
Owner/Manager of Montgomery and
Sons Construction, Inc.                                 DEFENDANTS

## ORDER

The Court adopts the parties' proposed stipulated protective

order, № 95, with minor changes, and orders as follows:

### 1.    Definition of Confidential Information

Confidential Information includes:

(a)    Personnel documents pertaining to current and

former employees and alleged employees of Defendants

Montgomery and Sons Construction, Inc., and John

Montgomery (other than Plaintiffs), including, but not limited to,

employee compensation information, tax information, supervisory

notes, and discipline reports; and

(b)     Non-public financial information of Defendants Montgomery and Sons Construction, Inc., and John Montgomery; and

(c)     Trade secret or proprietary documents and information of Defendants Montgomery and Sons Construction, Inc., and John Montgomery, including trade secrets, future business plans, market analysis, and confidential research.

## 2  Designation of Confidential Information:

All "confidential" information as described in this Order is deemed confidential between the parties and shall not be disclosed except as set forth in this Order.

Any deposition transcript page, interrogatory answer, produced document, item produced or examined, and each answer to request for admission, which in good faith is deemed by counsel for a party to disclose confidential information of that party, shall be identified and marked "CONFIDENTIAL" by that party's counsel. The identification and marking shall be made: (a) in the case of an answer to an interrogatory or a response to a request for admission, at the time when the answer or response is served by

2

the requested party; (b) in the case of another document, when a copy of the document is provided to another party. In the case of transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within 20 calendar days after receipt of the transcript of the deposition. Pending notification from opposing counsel during the 20 calendar-day period, all transcript pages shall be treated as "CONFIDENTIAL" and may be used only in accordance with this Order.

**3      Treatment of Confidential Information and Persons Entitled to Access:**

Until and unless the Court rules that any information, document, or thing designated as Confidential is not confidential information, or may be disclosed beyond the limits permitted by this Order, access, copying, and dissemination of that information, documents, or thing is limited to the following persons:

(A)   Attorneys of record in this litigation and staff and supporting counsel of those attorneys who are working directly on this litigation under the direction of those attorneys and to whom

3

the materials are disclosed for purposes of this litigation as well as the named parties to this case;

(B)     Inside counsel of a party working directly on the litigation, including staff and support personnel who are working directly on the litigation under the direction of counsel and to whom it is necessary that the material be shown for purposes of this litigation;

(C)     Party's representatives and potential witnesses;

(D)     The Court, stenographers, court clerks, and other court personnel employed by the court; and

(E)     Any expert utilized by the parties, who shall be provided a copy of this Order and be further made aware of this Order and the fact the documents produced are confidential information.

**4.     Restrictions on Use and Dissemination of Designated Information:**

All information produced by a party in the course of this litigation and designated as CONFIDENTIAL pursuant to this Order shall be used by the receiving party solely for the purpose

4

of this litigation. Any person receiving information designated as CONFIDENTIAL pursuant to the provisions of this Order shall be advised of this Order.

5. **Certain Information Not Subject to Scope of Order:**

The restrictions of this Order shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Order, or (b) was or is acquired from a third party having no obligation of confidentiality to the designating party, or (c) the receiving party can establish was in its rightful and lawful possession at the time of disclosure or is developed independently by the receiving party without the use of Confidential Information. The burden of proving that information falls within the scope of one or more of the exceptions provided for in this paragraph shall fall on the receiving party.

6. **Exceptions by Order or by Agreement by Parties:**

Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information consents in writing to the disclosure, or if the Court, after notice to the other party and the opportunity to be heard, orders disclosure.

5

### 7.   Inadvertent or Unintentional Disclosure:

The inadvertent or unintentional disclosure by the supplying party of information designated under this Order, regardless of whether the information was designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the disclosure or on the same or related subject matter. Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the designated information. Upon receipt of written notification and identification of inadvertent disclosure of CONFIDENTIAL information, the receiving party shall either mark the materials with the appropriate designation or return them to the producing party for marking.

### 8.   Challenges to Designations:

A party shall not be obligated to challenge the propriety of a designation under this Order at the time made, and failure to do so shall not preclude a subsequent challenge. In the event that either

6

party to this litigation disagrees at any point in these proceedings with the designation by the supplying party of any information, the parties shall first attempt to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of proving the proper designation.

### 9. Documents Under Seal:

In the event any documents or pleadings containing confidential information are filed with the Clerk's office, the documents shall be redacted. FED. R. CIV. P. 5.2. If redaction is impracticable, the documents shall be marked as "CONFIDENTIAL." The clerk shall accept the information, which shall be contained in a sealed envelope and prominently marked "CONFIDENTIAL – TO BE OPENED AS DIRECTED BY THE COURT." A similar notification shall be placed on the cover page of the document being filed. The parties are directed to file under seal only when absolutely necessary.

### 10.    Filing of Briefs or Affidavits Containing Confidential Information:

In the event that a party wishes to use any information designated under this Order in any affidavit, brief, memorandum of law, or other paper filed with the Court in this litigation, any confidential information in the paper shall be redacted when practicable, and if not, filed under seal and maintained under seal by the Court as provided in Paragraph 9.  Nothing in this paragraph shall be construed to preclude a party from delivering an additional courtesy copy of any paper containing designated information, unsealed, directly to the Court responsible for the litigation.

### 11.    Modification of Protective Order:

A party may seek the written permission of the other party or further Order of this Court, after notice to the other party and opportunity to be heard, with respect to modification of this Order. The parties may, by written stipulation, provide for exceptions to this Order.

### 12.   Continuing Effect:

Insofar as the provisions of this Order restrict the communication and use of the documents produced under it, this Order shall continue to be binding until one year after the conclusion of this litigation, including any appeals. The Order will thereafter endure as a contract between the parties. However, a party may seek the written permission of the other party or further order of this Court, after notice to the other party and opportunity to be heard, with respect to dissolution or modification of this Order.

### 13.   Advice to Client Based on Confidential Information:

Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation, referring to or relying upon the attorney's or parties' examination of designated information.

### 14.   Discovery Objections, Claim of Privilege:

It is the intention of this Order to deal with discovery objections, to produce, answer, or respond to those objections on grounds of proprietary information, trade secret information, or

otherwise, and it is agreed by the parties that any party to this Order may seek further relief from this Order or additional protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

### 15. Examination of Witness Regarding Confidential Information:

Notwithstanding any of the provisions of this Order, any witness subject to a noticed deposition in this litigation and his counsel of record may be shown, and questioned, concerning any document of which he is alleged or claims to be the author of a recipient or of which he is alleged to have knowledge. Nothing in this Order shall preclude a certified reporter retained to transcribe depositions or litigation proceedings in this litigation from access to designated materials during litigation proceedings or depositions in this litigation.

So Ordered.

D.P. Marshall Jr.
United States District Judge

2 May 2013

10