# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**STEPHEN MACLIN; RUBEN TOBIN;
DUSTIN ROBINSON; and GERARD
JOHNSON, all individually and on
behalf of others similarly situated**                                    **PLAINTIFFS**

v.                                    **No. 4:12-cv-5-DPM**

**MONTGOMERY AND SONS
CONSTRUCTION, INC. and JOHN
MONTGOMERY, individually and
as owner/manager of Montgomery
and Sons Construction, Inc.**                                    **DEFENDANTS**

## ORDER

Discovery problems still mire this case.  The Plaintiffs have asked the

Court to enter a default judgment as a sanction. They say John Montgomery,

acting in bad faith, destroyed handwritten timesheets showing the hours the

employees worked.  This allegedly happened in December 2011, before the

start of this lawsuit in January 2012. The Plaintiffs also request relief because

some discovery, mostly 1099s and W2s, is still outstanding.   John

Montgomery's former secretary, Shelly Deardorff, has testified by affidavit

that he asked her to forge some tax forms, contracts, and timesheets after the

Court-ordered discovery.  Montgomery denies any wrongful conduct.  Last,

the Plaintiffs ask for more extraordinary notice to potential plaintiffs.

**1.** The motion, № *100*, is denied with a qualification. The question isn't whether Montgomery destroyed the timesheets; he admits that his managers threw them away. The fighting issue is why. Plaintiffs need to show that Montgomery acted in bad faith. *Hallmark Cards, Inc. v. Murley*, 703 F.3d 456, 460 (8th Cir. 2013). He says that, in the normal course of business, the sheets were trashed after the information they contained was relayed to the home office. № *106 at 4*. Maclin says, and Montgomery disputes, that Montgomery knew about a possible Arkansas Labor Department investigation, and destroyed the documents to cover his tracks. *Compare № 101-3 with № 106-1 at 32*.

The Plaintiffs haven't yet shown bad faith. Maclin's affidavit, on which Plaintiffs rely, is too murky to be conclusive. Maclin is an interested party, of course — the lead plaintiff. But at this point, his testimony by affidavit lacks sufficient specificity, important context that will be provided by the supervisors' testimony, and exposure to cross examination. First, Maclin doesn't remember exactly who told him that Montgomery was destroying timesheets: "One of Montgomery's supervisors, I believe Kenny Watkins, told me that Montgomery destroyed the timesheets so that I could not prove that I had not been paid correctly." № *101-3*. Any hearsay problem probably

evaporates, as Plaintiffs say.  FED. R. EVID. 801(d)(2)(D).  The uncertainty about the messenger's identity though, casts doubt on the message's accuracy. Second, what the supervisors, particularly Watkins, say under oath is important. Finally, this is a situation where cross examination is essential.  It will help reveal both Montgomery's intentions and the strength of Maclin's memory.

Considering all of the material circumstances, default is too harsh a sanction at this point.  *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993).  The qualification: the Court will consider a spoliation instruction after it hears all this testimony, and sees these all these witnesses, either at trial or an evidentiary hearing before trial. *Stevenson v. Union Pacific Railroad Co.*, 354 F.3d 739, 745-46 (8th Cir. 2004).

**2.** Discovery ends on 30 August 2013. № 110.  Plaintiffs say that many documents are still missing.  № 101 at 4-5.  Perhaps more will turn up.  The parties agree, though, that Montgomery can't produce what it does not have. If the Montgomery entities have not requested copies of all relevant tax documents from the IRS, and given authorization for Plaintiffs to do so independently, they must do so immediately. The Court knows this is a lengthy and uncertain process, but has no other suggestion on missing

-3-

returns, W2s, and 1099s.  Joint discovery status report with specifics due 6 September 2013.

**3.** Deardorff says that she was fired because she refused to forge tax documents and timesheets for the company.   She didn't destroy any documents. She didn't forge any.  And she doesn't say that Montgomery ever destroyed or forged documents.  № 101-2.  Like the missing documents, Deardorff's testimony will be for the jury to consider in assessing the state of Montgomery's records, Montgomery's defenses, and Plaintiffs' claims.  The Court will also weigh her testimony in deciding whether to give a spoliation instruction.

**4.** Since the Court ordered notice by publication in local Spanish-language newspapers, № 97, three former Montgomery employees have come forward. The special publication alerted only one person. Considering all the material circumstances, the Court declines to order additional notice by radio, television, and other media.

So Ordered.

D.P. Marshall Jr.
United States District Judge

8 August 2013

-4-